

**Dated: June 14, 2017.**

_____
**TONY M. DAVIS
UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 15-11166-TMD |
| RUSSELL WADE COLLIAU | § | |
| MARCI KAM COLLIAU | § | CHAPTER 7 |
|     Debtors. | § | |

_____

| | | |
|---|---|---|
| RON SATIJA, Chapter 7 Trustee | § | |
|     Plaintiff, | § | |
| | § | ADV. NO. 16-01102-TMD |
| | § | |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendant, | § | |
| | § | |
| RUSSELL WADE CALLIAU | § | |
| MARCI KAM COLLIAU | § | |
|     Intervenors. | § | |

## <u>MEMORANDUM OPINION</u>

If a debtor pays estimated taxes to the IRS the day before filing bankruptcy, can that payment be clawed back from the IRS by the trustee as a fraudulent transfer?

1

## I. BACKGROUND AND FACTS

On September 2, 2015, the Colliaus made a payment of $28,000 to the United States (Internal Revenue Service) for their 2015 estimated taxes.[1] One day later, the Colliaus filed for relief under Chapter 7 of the Bankruptcy Code.[2] The Chapter 7 Trustee filed an adversary proceeding to avoid the $28,000 payment as a fraudulent transfer, and to recover the $28,000 from the United States.[3] After the suit was filed, the Colliaus sought and were granted the right to intervene, and so became parties to the suit.[4] The Colliaus fear that if the Trustee recovers the $28,000 from the United States, they will be left with a $28,000 tax liability.[5]

## II. ANALYSIS

The Trustee moved for summary judgment, asserting that the record demonstrates no genuine dispute of material fact as to the Colliaus' intent to hinder, delay, or defraud a creditor.[6] The Trustee also says that the Colliaus received less than a reasonably equivalent value when

---

[1] Compl. 2, ECF No. 1; United States Answer 2, ECF No. 3.
[2] *In re Colliau*, No: 15-11166, Pet., ECF No. 1.
[3] Compl, ECF No. 1.
[4] Mot. to Intervene, ECF No. 4; Order Allowing Intervention, ECF No. 13.
[5] Mot. to Intervene 2, ECF No. 4.
[6] Mot. Summ. J., ECF No. 16. Under Federal Rule of Civil Procedure 56, made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A "genuine issue" of "material fact" is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008). "If the movant bears the burden of proof on an issue at trial, a successful motion for summary judgment must present evidence that would entitle the movant to judgment at trial." *Vulcan Constr. Materials v. Kibel (In re Kibel)*, Adv. No. 10-5086, 2011 WL 1042575, at *3 (Bankr. W.D. Tex. Mar. 16, 2011) (citing *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003)). Thus, the Trustee must present evidence to support a ruling in his favor on the issues on which they bear the burden of proof. But once he does so, the Colliaus cannot simply remain silent. "Upon an adequate showing, the burden shifts to the nonmoving party to establish a genuine issue of material fact. The nonmoving party has a duty to respond with specific evidence demonstrating a disputed fact issue." *Id.* (internal citations omitted); *see Sossamon v. Lone Star St. of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). The Court looks at the evidence in a light most favorable to the non-moving party. *Piazza's Seafood World, LLC v. Odom*, 448 F. 3d 744, 752 (5th Cir. 2006). "[S]ummary judgment is rarely proper when an issue of intent is involved. . . ." *Guillory v. Dotmar Indus. Inc. v. John Deere Co.*, 95 F.3d 1320, 1326 (5th Cir. 1996).

2

paying their 2015 estimated taxes, because estimated taxes are not due until the return is filed, and therefore do not meet the statutory definition of value.[7] The Colliaus responded to the Trustee's motion for summary judgment with additional evidence (an affidavit), and filed their own motion for summary judgment.[8]

### A. 11 U.S.C. § 548(a)(1)(A) – Intent by the debtors to hinder, delay, or defraud.

Transfers made shortly before bankruptcy with the actual intent to hinder, delay or defraud creditors can be recovered by a trustee for the benefit of creditors.[9] Here, the Trustee is the moving party, and has the trial burden of proof in regards to the Colliaus' intent.[10] The Trustee correctly refers to the "badges of fraud" analysis used by this Court in *In re Wolf*[11] to assist in determining a party's intent.[12] The Trustee, without specifying which badges of fraud are satisfied, claims that the pre-payment of an obligation the day before bankruptcy is adequate evidence of the Colliaus' actual intent to hinder, delay, or defraud a creditor.[13] More specifically, according to the Trustee: (1) this Court has previously found that the Colliaus made payments for home repairs and improvements with the intent to hinder, delay, or defraud creditors;[14] (2) the tax payments were made one day before the Colliaus filed bankruptcy; (3) the payments depleted the Colliaus' bank account; and (4) the Colliaus used non-exempt funds to pay off a non-

---

[7] Mot. Summ. J. 4-7, ECF No. 16.
[8] Intervenors' Resp. to Pl.'s Mot. Summ. J. and Cross Mot. Summ. J., ECF No. 17.
[9] 11 U.S.C § 548(a)(1)(A).
[10] *See Vulcan Constr. Materials v. Kibel (In re Kibel)*, Adv. No. 10-5086, 2011 WL 1042575, at *3 (Bankr. W.D. Tex. Mar. 16, 2011) (citing *Malacara v. Garber*, 353 F.3d 393, 403 (5th Cir. 2003)) (acknowledging the movant's burden of proof).
[11] *In re Wolf*, No. 15-31477, 2016 WL 4940198, at *24-28 (Bankr. W.D. Tex. Sept. 15, 2016).
[12] Mot. Summ. J. 4, ECF No. 16.
[13] Mot. Summ. J. 7, ECF No. 16.
[14] Oral Ruling, *In re Colliau*, No. 15-11166 (Mar. 2, 2016).

3

dischargeable obligation.[15]

The Colliaus' response, via affidavit, is that they "did not pay the IRS the $28,000 with the intent to hinder, delay, or defraud other creditors. . . ."[16] Rather, they say that they made the payment because they expected to owe $40,000 in taxes for 2015 and that they historically made minimal payments during the first half of the year and larger payments in the fall when they could better gauge their tax liability.[17] The affidavit, viewed in a light most favorable to the Colliaus, provides evidence that they did not intend to hinder, delay, or defraud.[18] Thus, there is a genuine issue of material fact as to the Colliaus' intent, and so the Trustee's motion must be denied on this issue. Likewise, in looking at the Colliau's motion, and viewing the facts cited by the Trustee in a light most favorable to the non-movant (the Trustee), there is a genuine dispute of material fact as to the Colliaus' intent, and so the Colliaus' motion must be denied on this issue as well.

### B. 11 U.S.C. § 548(a)(1)(B) – Received less than reasonably equivalent value.

The trustee can also recover transfers that were made for "less than a reasonably equivalent value" at a time when the debtor was insolvent.[19] The Colliaus admitted to insolvency, and so both briefs addressed the issue of reasonably equivalent value, and in particular the term "value," which is defined as satisfaction of a present or antecedent debt of the

---

[15] Mot. Summ. J. 2-3, ECF No. 16.
[16] Intervenors' Resp. to Pl.'s Mot. Summ. J. and Cross Mot. Summ. J. 9, ECF No. 17. Rule 56(c)(4) states: "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Because the Colliaus' affidavit presents a statement of their personal knowledge, it satisfies Rule 56(c)(4).
[17] Intervenors' Resp. to Pl.'s Mot. Summ. J. and Cross Mot. Summ. J. 9, ECF No. 17.
[18] *See Piazza's Seafood World, LLC v. Odom,* 448 F.3d 744, 752 (5th Cir. 2006) ("The Court views the evidence in a light most favorable to the non-movant.").
[19] 11 U.S.C. § 548 (a)(1)(B).

debtor.[20] Is an estimated tax payment a payment of "present or antecedent debt," or is it a payment of future debt? If an estimated tax payment is a payment of an antecedent or present debt, then the transfer in satisfaction of the tax debt would be a dollar-for-dollar exchange, and would be for a reasonably equivalent value. If an estimated tax payment is a payment of future debt, then it would not meet the definition of value, and could be avoidable as a fraudulent transfer.

According to the Internal Revenue Code, the "due dates" for payment of 25% of the "required annual payment" are: April 15, June, 15, September 15, and January 15 (of the following taxable year).[21] It is self-evident that if a payment is "due" under the terms of a statute, it is a "present" debt.

The real question in this case, and not addressed by the parties, is: *how much* was due when the $28,000 payment was made? According to the Colliaus' brief, the "federal income tax withheld from Forms W-2 and 1099 was $1,927, which was less than 90% of the tax due for 2015 ($46,918), and less than 100% of the tax due for 2014 ($13,084)".[22] Under Internal Revenue Code section 6654(d), the "required annual payment" is the lesser of (a) 90% of the tax for the year in question (here .9 X $46,918, or $42,226) or (b) 100% of the tax for the previous

---

[20] Hr'g Record (May 17, 2017); Mot. Summ. J. 4-7, ECF No. 16; Intervenors' Resp. to Pl.'s Mot. Summ. J. and Cross Mot. Summ. J. 3, ECF No. 17; 11 U.S.C. § 548(d)(2)(A).

[21] 26 U.S.C. § 6654(c). Curiously, the preference avoidance section says: "In this section . . . a debt for a tax is incurred on the day when such tax is last payable without penalty, including any extension." 11 U.S.C. § 547(a)(4). But just as the Fifth Circuit concluded that section 547(a)(4) does not apply to the phrase "becomes payable" under section 1305, so too section 547(a)(4) should not determine what is "present or antecedent" under section 548. *United States v. Ripley (In re Ripley),* 926 F.2d 440, 447-48 (5th Cir. 1991). By this same logic, and contrary to the Trustee's argument at Mot. Summ J. 5-7, a case interpreting section 1305 does not help with interpreting section 548.

[22] Intervenors' Resp. to Pl.'s Mot. Summ. J. and Cross Mot. Summ. J. 5, ECF No. 17.

year (here, $13,084).[23] Thus, the Colliaus owed $3,271 on each of April 15, June 15, and September 15, less the $1,927 already withheld. As of September 2, 2015, when the $28,000 payment was made, only $4,615 ($6,542-$1,927) was "due." Thus, only $4,615 was paid on a "present or antecedent debt" and the balance of the payment ($23,385) was not paid for a reasonably equivalent value. Also, if in fact only $4,615 was due, but $28,000 was paid, this would tend to support the Trustee's actual intent theory; although that fact would have to be considered together with all other facts and circumstances.

However, since neither party addressed the calculation of the actual amount due on the date the transfer was made, discretion will be exercised[24] to allow the parties to address the fact of what was actually due on those dates.[25]

### III. CONCLUSION

Summary Judgment will be denied to both parties by separate order.

---

[23] *See* 26 U.S.C. § 6654(d)(1)(B).

[24] Fed. R. Civ. P. 56(e)(1) (providing that "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (1) give an opportunity to properly support or address the fact . . . .").

[25] And, perhaps, with this much guidance the parties can resolve the matter in a way that prevents recovery from the United States, and the consequent penalties.